IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JOHN MICHAEL GOWDER,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Criminal Action No.<br>2:18-CR-0009-RWS (1)<br><br><br>Civil Action No.<br>2:21-CV-0080-RWS |

# ORDER

This case comes before the Court on the Magistrate Judge's Non-Final Report and Recommendation [Dkt. 258], recommending that three of Movant John Michael Gowder's four claims in his 28 U.S.C. § 2255 motion to vacate be denied. This Court also finds that the record is now sufficiently complete to rule on the remaining claim that the Magistrate Judge deferred considering. Movant has filed his objections to the R&R [Dkt. 263].

## BACKGROUND

On October 24, 2019, a jury of this Court found Movant guilty of seventy-five counts of aiding and abetting the dispensing of controlled substances outside the scope of professional practice, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and twenty-seven counts of acquiring controlled substances by deception, in violation of 21 U.S.C. §§ 843(a)(3) and 846. Briefly, the evidence at

trial was sufficient for a jury to find that Movant, a hospital administrator, conspired with his codefendant, Dr. James Heaton, to distribute prescription opioids outside the scope of professional practice when he obtained prescriptions for more than 15,000 oxycodone and Percocet pills over approximately three-and-a-half years.  In addition to making direct payments to Heaton, Movant also used his position as a hospital administrator to lower Heaton's office rent payments and arrange a purchase by the hospital of Heaton's sleep clinic.  See generally United States v. Heaton, 59 F.4th 1226, 1229-38 (11th Cir. 2023).  Movant did not appeal his convictions and/or sentences.

In his § 2255 motion, Movant raises four grounds for relief.  The Magistrate Judge determined that Movant's Ground 1, alleging selective prosecution, and his Ground 2, alleging that his conviction was based solely on his association with his codefendant Heaton, both failed because Movant had not shown disparate treatment or improper prosecutorial motive (Ground 1) or that the evidence indicated *only* that Movant merely associated the codefendant Heaton without participating in criminal activity (Ground 2).  The Magistrate Judge determined that Movant's Grounds 1 and 2, in actuality, challenged the sufficiency of the evidence, but the Magistrate Judge found that "the evidence that Movant knowingly aided and abetted Dr. Heaton's illegitimate dispensing of controlled substances and deceptively acquired controlled substances was overwhelming."

2

[Dkt. 258 at 23]. As noted by the Magistrate Judge and the Eleventh Circuit's opinion affirming the conviction of Movant's codefendant, the evidence established that Movant obtained substantially more opioid pills than he could have legitimately used or needed; Movant obtained the prescriptions in secret without proper diagnoses; Movant engaged in deceptive practices to avoid detection of the vast amount of opioids he was receiving; and Movant provided significant financial benefits and direct payments to codefendant Heaton. Id. at 3-10, 15-16, 23-24. Given this evidence, Movant's assertion that he was merely the recipient of what he believed were legitimate prescriptions for pain medication cannot be credited.

With respect to his Ground 4, claiming that this Court erred in refusing to sever Movant's trial from that of codefendant Heaton, the Magistrate Judge determined that Movant has not shown that he was entitled to severance. Movant's argument that Heaton's testimony was necessary to his defense failed because that testimony was self-serving and not inconsistent with Heaton's interests. Id. at 24 (citing United States v. Browne, 505 F.3d 1229, 1268-69 (11th Cir. 2007)).

Finally, to the degree that Movant purported to couch his claims as asserting ineffective assistance of counsel, the Magistrate Judge determined that the claims nonetheless failed. Trial counsel raised these claims during trial, Movant has not shown that counsel's litigation of the claims was objectively unreasonable under

3

Strickland v. Washington, 466 U.S. 668 (1984), and, because the claims fail on their merits, Movant cannot establish prejudice.

In his Ground 3, Movant contends that his counsel rendered deficient performance by failing to advise him that he had a right to appeal and that he could file a pro se notice of appeal by simply informing the court. He further contends that, had counsel properly informed him, he would have appealed.

According to the Eleventh Circuit, after a criminal conviction, counsel is obligated to: (1) inform the defendant about his right to appeal, (2) advise the defendant about the advantages and disadvantages of pursuing an appeal, and (3) make a reasonable effort to ascertain the defendant's wishes about an appeal, regardless of the merits of an appeal. Thompson v. United States, 504 F.3d 1203, 1206 (11th Cir. 2007). The Magistrate Judge determined that if Movant's claims were true, he is entitled to relief, but there was not sufficient information in the record to determine whether counsel properly advised Movant. Accordingly, the Magistrate Judge directed the Government to "confer with [counsel] and state on the record whether counsel disputes Movant's claim that he failed to consult with him about his appellate rights." [Dkt. 258 at 20].

In response, the Government filed a document in which it stated it conferred with Movant's trial counsel who stated: "I'll tell you, candidly, I can't say with any degree of certainty that I discussed his appellate rights. I know I told him not to

4

appeal that he would never do better than he had already done but that's about as far as I can recall." [Dkt. 260 at 1].

## DISCUSSION

Movant's objections do not indicate that the Magistrate Judge erred. Regarding his Grounds 1, 2, and 4, Movant merely argues again that the evidence presented by the Government was insufficient to support his convictions. According to Movant, the evidence shows that he followed the advice of his physician, which advice he is permitted to rely on in good faith. Based on that good faith reliance, Movant insists that the Government could not have established scienter under the criminal statutes beyond a reasonable doubt. Movant faults the Magistrate Judge for "[piling] inference upon inference to justify [Movant]'s unlawful convictions." [Dkt. 263 at 5].

In response, this Court finds that it is clear from the evidence presented at Movant's trial that he full-well understood that he engaged in wrongful activity when he obtained prescriptions for vast amounts of opioids in a decidedly surreptitious manner. For example, his arriving at Heaton's clinic at the end of the day or after hours through the backdoor, sometimes with checks written on the hospital's account[1] to obtain his prescription is clearly sufficient for a jury to find

---

[1] Indeed, over approximately thirty months, when Movant was the hospital's CEO, "the Hospital issued checks totaling $342,500 to Heaton, some of which [Movant] delivered personally." Heaton, 59 F.4th at 1230.

that he had the requisite intent. It is equally clear that the evidence fully supports Movant's convictions, and the Court agrees with the Magistrate Judge that Movant is not entitled to relief with regard to his Grounds 1, 2, and 4.

Movant's Ground 3 is a different matter. Movant has alleged that trial counsel did not properly advise him of his appellate rights, and the Government has failed to rebut that allegation. Given the fact that Movant's trial counsel has stated on the record that he has no recollection that he properly advised Movant about his appellate rights, this Court finds that a hearing on the matter would be a waste of judicial resources.

Under Eleventh Circuit precedent, the right to an appeal in a criminal case is fundamental:

> A direct appeal from a United States District court to a court of appeals is in effect a matter of right. It is a right which is fundamental to the concept of due process of law. A decision to waive the direct appeal must, therefore, be an informed one. This consideration has found further expression in the 1966 amendment to F. R. Crim. P. Rule 32, which now requires that after trial the sentencing court apprise a defendant of his right to an appeal, and to an appeal in forma pauperis.
>
> . . . By way of analogy we think that the right of appeal should not be considered as having been waived or abandoned except where it is clearly established that such is the case.

Arrastia v. United States, 455 F.2d 736, 739 (5th Cir. 1972) (citations and quotations omitted). In the Thompson case discussed above, the Eleventh Circuit mandated that counsel must properly advise a defendant about his appellate rights.

6

Thompson, 504 F.3d at 1206 (citing Frazer v. South Carolina, 430 F.3d 696, 711 (4th Cir. 2005)).

> Under Thompson, the burden of demonstrating a knowing and intelligent waiver of an appeal appears to rest with the Government. In order for the Government to prevail in this action, it would have to establish that Movant's attorney explained "the appellate process[,] the advantages and disadvantages of taking an appeal, [and] that he was obligated to file an appeal if that is what [Movant] wanted, regardless of his recommendation." [Thompson, 504 F.3d at 1206]. Under Thompson, trial counsel's failure to remember exactly what he told Movant . . . years ago would seem to require a finding in Movant's favor.

Enriquez v. United States, No. 1:15-CR-146-4-MLB, 2018 WL 4237212, at *3 (N.D. Ga. Sept. 5, 2018).

It thus appears that Movant is entitled to an out-of-time appeal.

## CONCLUSION

Having reviewed the record in light of Movant's objections, the Court concludes that the Magistrate Judge is correct. Accordingly, R&R, [Dkt. 258], is **ADOPTED** as the order of this Court, and relief for Movant's Grounds 1, 2, and 4 of the pending 28 U.S.C. § 2255 motion to vacate, [Dkt. 240], is **DENIED IN PART** as to those claims.

The Court further agrees with the Magistrate Judge that Movant has failed to make "a substantial showing of the denial of a constitutional right," with respect to his Grounds 1, 2, and 4, and a certificate of appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2) as to those claims.

However, as Movant has shown in his Ground 3 that he is entitled to an out-of-time appeal, the § 2255 motion is **GRANTED IN PART** as to Ground 3.

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i).

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).

Pursuant to Phillips,

(1) The criminal judgment in this action, [Dkt. 204], is **VACATED**.

(2) The sentence of imprisonment, the term of supervised release, the special assessment, and the fine imposed by this Court in the judgement and commitment entered on July 6, 2020, id., are hereby **REIMPOSED** with appropriate credit for time already served and sums of the special assessment and/or fine that may have already been paid, and the Clerk is **DIRECTED** to docket a new judgment dated the day this order is entered.

(3) Movant is hereby **ADVISED** that: (a) he has the right to an appeal; (b) if he is unable to pay the cost of an appeal, he may apply for *in forma pauperis* status to pursue the appeal; (c) if he so requests, the Clerk of this Court will prepare and

file a notice of appeal on his behalf; (d) if he is unable to afford counsel for the appeal, he should so notify the Clerk, and an attorney will be appointed for him; (e) with few exceptions, any notice of appeal must be filed within fourteen days of the date the Court reimposes the sentence.

The Clerk is **DIRECTED** to close Civil Action Number 2:21-CV-0080-RWS.

**SO ORDERED** this 3rd day of October, 2023.

_____
**RICHARD W. STORY**
United States District Judge